## PROCEEDINGS IN AID OF EXECUTION.

Circuit Court of Lucas County.

FRANK HOPPER, DOING BUSINESS AS HOPPER & KULP,
v. SIREN GALLIER.

Decided, December 23, 1911.

*Aid of Execution—Not Necessary that the Affidavit Allege the Making of a Preliminary Demand—Sections 10436 and 10272.*

The requirement that a demand must be made in writing for the excess over and above ninety per cent. of the personal earnings of a debtor, has no application to a proceeding brought in aid of execution under Section 10436, General Code.

*Marion W. Bacome,* for plaintiff in error.
*Frank I. Isbell,* contra.

RICHARDS, J.; WILDMAN, J., and KINKADE, J., concur.

Error to the court of common pleas.

The original action out of which this proceeding in error grows, was brought in justice's court and was a proceeding in aid of execution. Upon motion filed by the defendant, the justice dismissed the proceeding. From this ruling, proceedings

in error were prosecuted in the court of common pleas, where the judgment of the justice of the peace was affirmed. A bill of exceptions was taken before the justice, but it does not purport to contain all of the evidence which was introduced.

The affidavit which was filed before the justice of the peace avers that upon July 26th, 1910, the plaintiff in an action then pending before said justice duly obtained a judgment against the aforesaid defendant in the sum of $30.27 and for costs therein taxed at $4, that the Northwestern Ohio Bottle Company is liable to the judgment debtor in a sum of money which is now due to said debtor, and that said money is not exempt from execution or attachment.

The motion, which was filed in the justice's court by the defendant to release the money said to have been reached in the proceedings, contains four grounds:

1. That the facts in the affidavit are false and that the affidavit is insufficient.

2. That the defendant is a married man and the support of a family resident in Ohio.

3. That no demand was made upon the defendant for ten per cent. of his personal earnings.

4. That no summons or copy of the order issued by the justice has been served upon the defendant, although he is a resident of Lucas county, Ohio.

By reason of the fact that the bill of exceptions does not purport to contain all of the evidence which was introduced before the justice of the peace, we are not advised as to the basis of his decision, except as recited in his docket entries which are before us.

It appears from the docket entries that the motion filed by the defendant was sustained upon the grounds that the affidavit was insufficient in law and that no demand had been made upon the defendant for ten per cent. of his wages. It does not appear at any place in the record that the justice of the peace found the property sought to be reached by this proceeding to be the personal earnings of the defendant, exempt from execution.

The contention made before us relates to the question whether in the proceeding in aid of execution brought under General

Code, 10436, a preliminary demand must be made and the fact of such demand inserted in the affidavit. It will be noted that the section to which reference has just been made is found in Title 2, Chapter XI of the General Code, entitled ''Proceedings in Aid of Execution.'' The statute providing for the preliminary demand is General Code, 10272, and the section is found in Title 2, Chapter II of the General Code, and under the subdivision headed ''Attachment.''

As we construe these sections the requirement that a demand must be made in writing for an excess over and above ninety per cent. of the personal earnings of a debtor has no application to a proceeding brought in aid of execution under General Code, 10436. The method of procedure contemplated in Chapter II is complete in and of itself, and no reason is apparent why the requirement for the preliminary demand which exists in certain cases where proceedings in attachment are brought, should have any application to the case at bar. The point has been so ruled by the court of common pleas of Columbiana county in *Ammon* v. *Delaney*, 21 Ohio Decisions, 251.

It appears from the facts contained in the case of *Duffy* v. *Reardon*, 70 O. S., 328, in which the Supreme Court affirmed the judgment of this court, that an affidavit in all respects similar to the one in the case at bar was held to be sufficient. The affidavit contains every requirement set forth in General Code, 10436, and in our opinion is entirely sufficient. We do not, of course, pass upon the question of whether the property reached is exempt from execution or attachment.

The judgments rendered by the common pleas court and the justice's court will be reversed and the case remanded for further proceedings in accordance with this opinion.